UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**ARTHUR ANDERSON**          **DOCKET NO. 2:23-cv-01751**
    **REG. # 29252-009**          **SECTION P**

**VERSUS**          **JUDGE JAMES D. CAIN, JR.**

**FELIPE MARTINEZ**          **MAGISTRATE JUDGE LEBLANC**

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (doc. 1) by pro se petitioner Arthur Anderson. Anderson is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Institution at Oakdale, Louisiana ("FCIO").

This petition has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this court. For the reasons stated below, **IT IS RECOMMENDED** that the petition be **DENIED** and **DISMISSED WITH PREJUDICE**.

### I.
#### BACKGROUND

Anderson seeks a federal writ of habeas corpus to challenge a prison disciplinary conviction that resulted in a loss of commissary, email, and visitation privileges. The matter was referred to the Disciplinary Hearing Officer ("DHO") for a hearing, which took place on April 18, 2023, on charges of Indecent Exposure and Refusing to Obey an Order of Any Staff Member.

Anderson brings the instant petition for writ of habeas corpus, seeking expungement of the incident report.

## II.
### LAW & ANALYSIS

A writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the appropriate vehicle in which "a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (internal citations omitted); *Moorehead v. Chandler*, 540 F. App'x 458 (5th Cir. 2013). However, the Due Process Clause does not protect every adverse change in the condition of confinement. *Sandin v. Conner*, 515 U.S. 472, 478 (1995) (citations omitted). Mere changes in the condition of confinement that do not pose an atypical or significant hardship beyond the ordinary incidents of prison life do not implicate due process concerns. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) (A 30-day commissary and cell restriction punishment does not warrant habeas relief). As such, phone privileges, recreation limitations, adjustments to a prisoner's classification and commissary restrictions are not protected by the Due Process Clause. *Id.; Sandin*, 515 U.S. at 486; *Malchi v. Thaler*, 211 F.3d 953, 958-59 (5th Cir. 2000) ("Clearly, Malchi's thirty-day loss of commissary privileges and cell restrictions do not implicate due process concerns."); *Jacques v. Bureau of Prisons,* 632 F. App'x 225 (5th Cir. 2016) ("Nor do the temporary loss of commissary and visitation privileges support a due process claim" for relief pursuant to § 2241) (citations omitted).

Here, Petitioner's commissary, email and visitation sanctions are changes in the condition of his confinement, which are outside the scope of 28 U.S.C. § 2241 because they are not related to the duration of his sentence. *Akbar v. Wilson*, No. 4:18-cv-139-Y, 2018 U.S. Dist. LEXIS 179111, 2018 WL 5084914, *2 (N.D. Tex. Oct. 18, 2018) (Federal prisoner not entitled to relief pursuant to § 2241 when challenging a disciplinary conviction resulting in disciplinary segregation and commissary restrictions).

## III.
### CONCLUSION

For the reasons stated above, Anderson's petition fails to state a claim for relief under 28 U.S.C. § 2241. Accordingly, **IT IS RECOMMENDED** that the petition be **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that all other pending motions be **DENIED AS MOOT**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in chambers this 11th day of November, 2024.

_____
THOMAS LEBLANC
UNITED STATES MAGISTRATE JUDGE